Karla WESTCOTT and Michael Westcott,
personally and on behalf of their son, Logan
Westcott, deceased, Plaintiffs-Appellants,

v.

Michael MIKKELSON, M.D., The Professionals
Insurance Company, a foreign insurance
corporation, and Wisconsin Patients
Compensation Fund, Defendants-Respondents,†

HOLY CROSS HOSPITAL OF MERRILL,
WISCONSIN, INC., and Wisconsin Hospital
Association Liability Insurance Plan,
Defendants.

Court of Appeals

*No. 88-0541. Submitted on briefs September 12, 1988.—Decided
December 13, 1988.*

(Also reported in 434 N.W.2d 822.)

† Petition to review denied.

For plaintiffs-appellants there were briefs by *Jerome A. Maeder, S.C.,* Wausau.

For defendants-respondents there was a brief by *Robert Bull* and *Douglas J. Klingberg* and *Ruder, Ware, Michler & Forester, S.C.,* Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Karla Westcott appeals a partial summary judgment dismissing her claim for negligent infliction of emotional injuries sustained during the delivery of her son, who was asphyxiated as a result of the umbilical cord being wrapped twice around his neck.[1] She claims that the attending physician, Dr. Michael Mikkelson, negligently diagnosed and treated the child's condition, causing her injuries. We conclude that this case should not be distinguished from *Garrett v. City of New Berlin,* 122 Wis. 2d 223, 362 N.W.2d 137 (1985), even though Mrs. Westcott did not seek immediate medical treatment. The summary judgment is therefore reversed and the cause remanded for further proceedings.

In reviewing a trial court's grant of summary judgment, this court must apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the trial

---

[1]The plaintiff's brief states that the child was born dead, while the complaint alleges that death occurred one day after birth. The baby was maintained on an artificial life support apparatus for a day. Since this appeal deals only with the mother's claim, the determination of the child's time of death is not relevant. *See Estate of Villwock,* 142 Wis. 2d 144, 418 N.W.2d 1 (Ct. App. 1987) (regarding definition of death in Wisconsin).

court. The standards are so well known they need not be repeated.

*Garrett* acknowledged the right of a teenage girl, Connie Garrett, to pursue a claim for emotional distress sustained when she witnessed her younger brother run over by a police car, driven without lights at night, in pursuit of a group of children on the premises of an outdoor theater. Connie was not within the field of danger, never fearing for her own safety, as she leaned against a fence fifteen or twenty feet from where her brother was lying on a blanket near a gravel driveway at the time of the accident. The majority opinion focused on the fact that "Connie Garrett was not merely an observer who was not directly involved in the tortious activity. She was an object of the police officer's activities since she was a member of the group of children he was pursuing." *Id.* at 232, 362 N.W.2d at 142. This factor caused the court to distinguish *Garrett* from a longstanding precedent, *Waube v. Warrington,* 216 Wis. 603, 258 N.W. 497 (1935).

In *Waube,* the court refused to recognize a cause of action for negligent infliction of emotional distress. The plaintiff, Mrs. Waube, was looking out the window of her house watching her child cross the highway when she saw the defendant's automobile negligently strike and kill her child. Mrs. Waube, as a result of witnessing the accident, became extremely hysterical and sick, and died two weeks later from the emotional shock. Mrs. Waube, however, was outside the field of physical danger and her distress was occasioned solely by the peril of another. The court held that allowing recovery would be wholly out of proportion to the tortfeasor's culpability, place an unreasonable burden upon users of the highway, open the way to fraudulent claims, and

enter an area that has no sensible or just stopping point.

In our case, where the choice between *Waube* and *Garrett* is resolved by a determination of whether the claimant is an observer or a participant, it is difficult to imagine a more clear-cut example of the latter than a mother giving birth to a child in distress.

The defendant seeks to distinguish this case from *Garrett* on grounds that Mrs. Westcott's condition did not arise contemporaneously with the alleged tortious activity. Whether the manifestations of her illness were immediate or delayed is not controlling so long as she can show the necessary causal connection. The mere fact that she first obtained professional help approximately two weeks after the incident is relevant to a determination of the extent of her injuries. It is no basis upon which to conclude as a matter of law that she has no right to pursue a claim.[2]

*By the Court.*—Judgment reversed and cause remanded.

---

[2]For the purpose of appeal, the defendants concede the physical manifestations of Mrs. Westcott's emotional injuries, another essential requirement of this type of claim. *See Garrett,* 122 Wis. 2d at 235–36, 362 N.W.2d at 144.